UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |  |
|---|---|---|
| JAMES TERNAPROVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-1258 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Plaintiffs filed this lawsuit alleging that Defendants were deliberately indifferent to their need for Hepatitis C treatment in violation of their constitutional rights. On March 14, 2023, the Court dismissed Plaintiffs' amended complaint with leave to renew and granted Defendant Patel's motion for a more definitive statement. (Doc. 38). Plaintiffs filed a second amended complaint on April 13, 2023, listing Willard O. Elyea, M.D., Michael Puisis, Dr. Steven Bowman, Dr. Louis Shicker, and Dr. Steven Meeks as defendants. (Doc. 39). Defendants Bowman and Shicker move to dismiss Plaintiffs' second amended complaint. (Doc. 41).

### **Plaintiffs' Motion for Extension of Time (Doc. 42)**

Plaintiffs' motion for an extension of time to respond to Defendants' motion to dismiss is retroactively granted. Plaintiffs have since filed the relevant documents within the timeframe requested. New deadlines are not necessary.

### **Defendant Young**

Plaintiff did not name Defendant Young as a defendant in his second amended complaint. Defendant Young is therefore dismissed with prejudice.

**Defendant Patel**

Plaintiffs did not name Defendant Patel as a defendant in the second amended complaint, nor did they provide a more definitive statement as to this defendant as previously ordered. The Court will dismiss Defendant Patel with prejudice.

**Defendants Elyea, Puisis, and Meeks**

Plaintiffs added Defendants Elyea and Puisis as defendants in their first amended complaint and named these individuals as defendants in their second amended complaint. Plaintiffs have not filed the proof of service required under Fed. R. Civ. P. 4(l)(1) for these defendants or for Defendant Meeks, and the deadline for doing has since expired. Defendants Elyea, Puisis, and Meeks are therefore dismissed without prejudice.

**Defendants' Motion to Dismiss (Doc. 41)**

Plaintiffs' second amended complaint alleges that each of the Defendants, in their capacities as the IDOC medical director, created or adopted a policy that delayed or denied access to a highly effective chemical treatment for their diagnosed Hepatitis C conditions. Plaintiffs allege that the policy denied access to the chemical treatment for inmates who did not meet certain criteria, and that the delay caused harm. Plaintiffs seek money damages; they do not seek injunctive relief.

Defendants Bowman and Shicker move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have again failed to sufficiently allege a constitutional claim. A motion to dismiss under Rule 12(b)(6) does not resolve the merits of a claim; it tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Factual allegations in a complaint must give "fair notice of what ... the claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

The Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *N. Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 680–81 (2009) (citing *Twombly,* 550 U.S. at 554–55) (conclusory allegations are "not entitled to be assumed true").

Notwithstanding the procedural history of other cases seeking similar relief that Plaintiffs discuss in their response, the Court's analysis is limited to the allegations in the second amended complaint without reference to any prior pleadings. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782-83 (7th Cir. 2013) ("[F]acts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss."); *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

*Id.* Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). The official must be personally involved in any deprivation; an official may not be held liable under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

As a prerequisite to seeking relief under the statute, "a civil rights plaintiff must specify whether suit is brought against the defendant in his official capacity or in his individual capacity." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Doing so defines the nature of the claims, the relief available, and the showing required to prevail:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law…Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. Whereas in an official capacity suit the plaintiff alleges that the defendant was party to the execution or implementation of official policy or conduct by a government because the real party in interest is the entity, an individual capacity suit focuses on the constitutional torts of an individual official. To establish *personal* liability in a Section 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. However, that showing is not enough for an official capacity suit, where the action alleged to be under color must be linked with the entity's policy or custom.

*Id.* (internal quotations and citations omitted).

Plaintiffs do not specify whether they sued Defendants in their individual or official capacities. In this scenario, district court must make this determination, looking at the relief sought, alleged conduct, the context of the alleged harm, and how the parties have treated the suit. *Allen v. Dimitrijevic*, 2023 WL 8818301, at *2 (7th Cir. 2023); *Weaver v. Kelley*, 2023 WL 8701073, at *5 (N.D. Ill., filed Dec. 15, 2023). "Where the plaintiff seeks injunctive relief from

official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity." *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000).

As Plaintiffs summarize it, the second amended complaint "alleges that the failure to treat is…a result of a departmental wide policy promulgated by the then-acting medical director." (Doc. 43 at 5-6). Plaintiffs do not allege the dates Defendants served as medical director, the dates of their incarcerations, or facts supporting an inference that they seek to hold Defendants responsible for conduct outside of their respective stints as IDOC medical director. Plaintiffs do not allege that Defendants were personally responsible for medical care they received at their respective facilities or the enforcement of the policy at issue.

Nothing suggests that Plaintiffs seek to hold Defendants liable in their individual capacities,[1] and, therefore, the Court finds that claims asserted in Plaintiffs' second amended complaint are against Defendants in their official capacities. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (finding an official capacity suit where Plaintiff alleged that Sheriff's policies created the conditions at the jail and permitted them to exist).

"[N]either a State[,] nor its officials acting in their official capacities are 'persons' under §1983," and, therefore, relief under the statute is not available. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Plaintiffs no longer seek injunctive relief, the exception for suits seeking prospective injunctive relief for ongoing violations of federal law does not apply. *Ex parte Young*, 209 U.S. 123 (1908). The Court finds that Plaintiffs have failed to state a

---

[1] If Plaintiffs sought to bring a personal-capacity suit, the allegations are not sufficient to state a claim. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability).

claim upon which relief can be granted. *Olson v. Schwochert*, 783 F. App'x 614, 617 (7th Cir. 2019) (affirming dismissal of claims against prison policymaker for lack of personal involvement and the exception under *Ex parte Young* did not apply). Defendants' motion to dismiss is granted.

Plaintiffs have not been able to cure the deficiencies in their complaint despite the Court granting them an opportunity to amend. They have abandoned any request for injunctive relief, and the law does not permit them to recover damages for the claims they now seek to assert. For these reasons, the Court finds that any amendment Plaintiffs could make would be futile. As no active claims or defendants remain, the Court will accordingly dismiss this case.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [42] is GRANTED.**

2) **Defendants Patel and Young are dismissed with prejudice.**

3) **Defendants Elyea, Puisis, and Meeks are dismissed without prejudice.**

4) **Clerk is directed to terminate Defendants Patel, Young, Elyea, Puisis, and Meeks.**

5) **Defendants' Motion to Dismiss [41] is GRANTED. This case is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Any pending motions not addressed in this Order are denied as moot. This case is closed.**

6) **Clerk is directed to enter judgment accordingly.**

Entered this 26th day of January, 2024.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE